| Case No. | CV 18-9048 PSG (FFMx) | Date | February 6, 2019 |
|---|---|---|---|
| Title | Marti Mackey v. Washington Mutual Bank F.A. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion to remand but GRANTING her leave to amend to remove the RICO claim

Before the Court is Plaintiff Marti Mackey's ("Plaintiff") motion to remand the case to Los Angeles Superior Court. *See* Dkt. # 17 ("*Mot.*"). Defendants Chase Milwaukie, JPMorgan Chase Bank, N.A., Eva Reese, Cynthia A. Riley, Washington Mutual Bank, Washington Mutual Bank, F.A., and Marquitha Williams (collectively "Defendants") have opposed this motion. *See* Dkt. # 30. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **DENIES** the motion but **GRANTS** Plaintiff's request for leave to amend her complaint to remove her RICO claim. If she timely amends to remove the RICO claim from the case, the Court will remand the remaining state law claims to state court.

I.  Background

Plaintiff filed this case in Los Angeles Superior Court, alleging that Defendants are unlawfully attempting to foreclose on her property. *See generally Complaint*, Dkt. # 1, Ex. A ("*Compl.*"). Eleven of her twelve causes of action were brought under state law. *See generally id.* But her Eleventh Cause of Action is entitled "RICO" and quotes from the federal RICO statute. *See id.* ¶¶ 214–30.

On October 19, 2018, Defendants removed the case to this Court. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). In the Notice of Removal, they argued that the Court had federal question jurisdiction over the RICO claim and supplemental jurisdiction over the other state law claims. *See id.* ¶¶ 12–14. They also argued, in the alternative, that the Court had diversity jurisdiction over the case. *Id.* ¶¶ 15–32. While they conceded that Plaintiff and Defendant Quality Loan Service Corp. ("Quality Loan") are both citizens of California, they argued that Quality Loan's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9048 PSG (FFMx) | Date | February 6, 2019 |
|---|---|---|---|
| Title | Marti Mackey v. Washington Mutual Bank F.A. | | |

citizenship should be disregarded because it is a nominal defendant against which no affirmative relief is sought. *Id.* ¶ 19.

On December 17, 2018, Plaintiff filed the current motion to remand, arguing that the Court lacks subject matter jurisdiction based on diversity because Quality Loan is not a nominal defendant and that it should give her an opportunity to amend to remove her RICO claim so that the state law claims can be remanded.[1] *See generally Mot.*

## II. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

## III. Discussion

### A. Diversity Jurisdiction

While Defendants invoked diversity of citizenship as an alternative basis for federal jurisdiction in their notice of removal, they have not relied on diversity in opposing Plaintiff's motion to remand. *See generally Opp.* Arguments to which no response is supplied are deemed conceded. *See, e.g.*, *Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-

---

[1] Plaintiff also argues that the removal was improper because the case was removed more than 30 days after Defendants were served. *See Mot.* 2:1–7. However, arguments about procedural defects in the removal are forfeited if not raised within 30 days after removal. *See* 28 U.S.C. § 1447(c). Plaintiff did not raise her timeliness argument until 59 days after the case was removed. Accordingly, the argument has been forfeited.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9048 PSG (FFMx) | Date | February 6, 2019 |
|---|---|---|---|
| Title | Marti Mackey v. Washington Mutual Bank F.A. | | |

PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011). Accordingly, the Court focuses only on whether it has federal question jurisdiction based on Plaintiff's RICO cause of action.[2]

### B. Federal Question Jurisdiction

As noted above, the Eleventh Cause of Action is entitled "RICO" and quotes from the RICO statute. *See Compl.* ¶¶ 214–30. At the same time, however, it describes the claim as seeking relief "for violations of the California Civil remedies for criminal practices, also known as RICO (Racketeer Influenced Corrupt Organizations Act)." *See id.* ¶ 215. The reference to "violations of the California Civil remedies for criminal practices" initially left the Court unsure of whether Plaintiff was really asserting a federal civil RICO claim or whether she was merely using the term "RICO" colloquially to refer to a similar state law claim. However, in her motion, Plaintiff does not dispute that the claim is federal, and so the Court construes the cause of action as a federal RICO claim. On that basis, the Court agrees with Defendants that it has federal question jurisdiction over the RICO claim and supplemental jurisdiction over the other eleven state law causes of action.

However, that is not the end of the matter. Plaintiff asks the Court to grant her leave to amend her complaint to remove the RICO claim from the case. *See Mot.* 5:2–17. Such an amendment would not divest the Court of subject matter jurisdiction, because it could still exercise supplemental jurisdiction over the state law claims. *See Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1092 (9th Cir. 2008). However, if the federal RICO claim is no longer in the case, the Court could, in its discretion, remand the remaining state law claims to state court. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). Courts considering whether to retain jurisdiction over remaining state law claims evaluate "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Supreme Court has noted that courts should generally decline to retain state law claims "when the federal-law claims have dropped out of the lawsuit in its early stages." *Id.*

---

[2] Even if the Court reached the merits of the diversity issue, it appears highly unlikely that the Court has diversity jurisdiction. As explained above, complete diversity does not exist between the parties because Plaintiff and Defendant Quality Loan are both citizens of California. While Defendants argued that Quality Loan is a mere nominal defendant whose citizenship should be disregarded, this argument is belied by the fact that the complaint makes several allegations specifically against Quality Loan, particularly with regard to Plaintiff's Sixth Cause of Action for violation of California's Homeowner Bill of Rights. *See Compl.* ¶¶ 167–78.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-9048 PSG (FFMx) | Date | February 6, 2019 |
|---|---|---|---|
| Title | Marti Mackey v. Washington Mutual Bank F.A. | | |

The Ninth Circuit has recognized that there is nothing improper about a plaintiff asserting federal claims in state court, and then, if the defendant removes the case on the basis of a federal question, voluntarily dismissing the federal claims and moving to remand "with all due speed." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). Accordingly, the Court concludes that Plaintiff should be permitted to do so here. Defendants' only argument for why the court should retain jurisdiction over the state claims after Plaintiff's proposed amendment is that there are pending motions to dismiss. *See Opp.* 7:26–8:7. However, the Court often declines to exercise jurisdiction over state law claims even after *granting* a motion to dismiss federal claims. *See, e.g.*, *Wyatt v. Lehman Bros. Bank, FSB*, No. CV 14-9824 PSG (PLAx), 2015 WL 4397938, at *1 n.2 (C.D. Cal. July 16, 2015). It sees no reason for why it should retain state law claims at an even earlier stage when motions are merely pending and have not yet been adjudicated. Plaintiff's claims center almost entirely around alleged violations of state law, and the Court concludes that they are more appropriately heard in state court. Therefore, if Plaintiff timely files an amended complaint that omits the RICO claim or otherwise voluntarily dismisses that claim, the Court will remand the remaining state law claims.

Accordingly, the Court **GRANTS** Plaintiff leave to amend the complaint to remove her Eleventh Cause of Action for RICO or to otherwise voluntarily dismiss her RICO claim. The amendment or voluntary dismissal must be done no later than **March 8, 2019**. If Plaintiff excises the RICO claim from this case by that date, the Court will remand the remaining state law claims to Los Angeles Superior Court.

IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand but **GRANTS** her request for leave to amend to remove the RICO claim from the case. If Plaintiff removes the RICO claim from the case by **March 8, 2019**—whether through amendment of the complaint or voluntary dismissal—the Court will remand the remaining state law claims to Los Angeles Superior Court.

The Court **VACATES** the hearing dates and briefing schedules on all other pending motions (Dkts. # 9, 29, 32) and will hold those motions in abeyance until the time for Plaintiff to amend or dismiss the RICO claim has expired.

**IT IS SO ORDERED**.